## Thomas N. French *versus* The Hope Insurance Company.

In an action on a policy of insurance upon profits value. at the sum of $1000, it appeared, that the plaintiff had entered into a contract with one R, in which it was agreed, that the plaintiff, in consideration of the sum of $1000 paid by him to R, should have a right to take one half of any palm leaf which should be imported by R, upon paying one half of the costs and charges on its arrival in Boston; that subsequently R, having received a bill of lading of palm leaf shipped upon his account, applied to the plaintiff to elect whether he would take one half thereof, or not, that the plaintiff elected to take it, and paid to R the sum of $600, as an advance upon it, which was repaid to him, after it was known that the palm leaf had been discharged at Charleston in a damaged condition; and that there would have been a profit, if the palm leaf had arrived in safety at Boston. It was *held*, that the plaintiff had an insurable interest in the profits; and that he was entitled to recover for a total loss, notwithstanding that a small salvage had been received by R.

Assumpsit upon a policy of insurance, dated November 10, 1831, by which the defendants insured the sum of $1000, upon *profits on merchandise*, in the schooner Saco, from Mansanilla to Boston. The profits were valued at the sum insured. The plaintiff claimed as for a total loss.

At the trial, before *Wilde* J., the plaintiff produced in evidence a contract between himself and Timothy Rix, dated June 23, 1830, by which it was agreed, that in consideration of the sum of $1000 paid by the plaintiff to Rix, the plaintiff should have a right to take one half of any palm leaf, which should be imported by Rix from Mansanilla, upon paying one half of the costs and charges, on its arrival in Boston. The plaintiff paid the sum of $1000, in pursuance of this agreement.

It appeared, that on November 10, 1831, Rix received an invoice and bill of lading of a quantity of palm leaf shipped, upon his account and risk, at Mansanilla, on board the Saco; that he thereupon, on that day, applied to the plaintiff to elect, whether he would take one half of the palm leaf and pay half of the costs and charges, or not ; that the plaintiff elected to take it, and thereupon paid to Rix the sum of $600, as an advance upon it, and took a memorandum check therefor, it not being charged to Rix upon the plaintiff's books ; that at the next settlement of accounts between them, it being known

that the Saco had arrived at Charleston in distress, and that the palm leaf was discharged from her in a damaged condition and sold, the plaintiff claimed payment of the check; that Rix paid the same by allowing it in the settlement of the accounts, and the check was given up; that the plaintiff never paid in any other way than this, any portion of the cost and charges of the palm leaf, and never received or claimed any part of the proceeds; and that a small salvage was received by Rix.

It was admitted, that there would have been a profit on the palm leaf, if it had arrived in safety at Boston; and that the valuation of $1000 in the policy, was not unreasonable.

Upon these facts, a nonsuit or default was to be entered, as the Court should determine. If a default should be entered, then judgment for the plaintiff was to be rendered for such sum as the Court should consider him entitled to, upon the whole case.

*March 9th.*  *H. H. Fuller*, for the plaintiff, to the point, that the plaintiff had an insurable interest, cited Marshall on Ins. *bk.* 1, *c.* 4, § 2; *Barclay* v. *Cousins*, 2 East, 544; *Henrickson* v. *Margetson*, 2 East, 549, note; *King* v. *Glover*, 5 Bos. & Pull. 206; *Le Cras* v. *Hughes*, Park on Ins. *c.* 14, *p.* 269; *Stirling* v. *Vaughan*, 11 East, 619; *Hill* v. *Secretan*, 1 Bos & Pull. 315; *Wolff* v. *Horncastle*, 1 Bos. & Pull. 316; *Puller* v. *Glover*, 12 East, 124; *Oliver* v. *Greene*, 3 Mass. R. 133; *Bartlet* v. *Walter*, 13 Mass. R. 267; *Locke* v. *North American Ins. Co.* 13 Mass. R. 61; *Abbot* v. *Sebor*, 3 Johns. Cas. 39; *Robinson* v. *New York Ins. Co.* 2 Caines's R. 357; *New York Ins. Co.* v. *Robinson*, 1 Johns. R. 616; *De Forest* v. *Fulton Fire Ins. Co.* 1 Hall, (New York,) 84, 102; *Buck* v. *Chesapeake Ins. Co.* 1 Peters's Sup. C. R. 151; *Patapsco Ins. Co.* v. *Coulter*, 3 Peters's Sup. C. R. 222; *Hodgson* v. *Glover*, 6 East, 316; *Craufurd* v. *Hunter*, 8 T. R. 13; to the point that no abandonment was necessary, 1 Phillips on Ins. 387, 430.

*Parsons*, for the defendants. We do not deny, that profits are insurable, but we contend, that the plaintiff in the present case had not an insurable interest, because he had not a real interest in the subject matter from which the profits were

expected to arise. 3 Kent's Com. (1st ed.) 219 ; *Abbot* v. *Sebor*, 3 Johns. Cas. 39 ; *Barclay* v. *Cousins*, 2 East, 544 ; *Loomis* v. *Shaw*, 2 Johns. Cas. 36 ; Benecke on Ins. 26. The plaintiff could not have recovered on a policy upon the palm leaf, if he had insured it ; and if so, it is absurd to say that he can recover upon a policy on the profits. If the plaintiff ever had an insurable interest, he abandoned and waived it upon the settlement of his accounts with Rix.

PUTNAM J. delivered the opinion of the Court. Ever since the case of *Grant* v. *Parkinson*, reported in Park, 267, (*c.* 14), and in Marshall, *bk.* 1, *c.* 4, § 2, and *bk.* 1, *c.* 3, § 8, it has been understood that profits were insurable. There are various cases in which the doctrine has been recognised, most of which have been cited in this case. And we perceive no good reason against it. If it be lawful to insure freight, as the earnings expected to arise from the employment of the ship, it would seem equally reasonable and expedient to insure profits expected from goods or from any thing else exposed to marine peril. So that the only question in this case is, whether the plaintiff had any interest in the subject matter insured.

And upon that question, we have no doubt, but that by the agreement in the case between the plaintiff and Rix, the plaintiff had a substantial interest at risk. For if the ship had safely arrived with the merchandise mentioned in the policy, the plaintiff would have been entitled to profits: if she were lost, he would have lost the profits which were expected. The objection principally relied upon by the counsel for the defendants is, that the plaintiff was not the owner of the merchandise, that he could not have insured the goods, and *a fortiori*, not the profits on the goods, which did not belong to him. The rule, if received to the extent laid down, would prevent the insurance of commissions on goods consigned to the plaintiff. In such a case put by Lord *Ellenborough* in *Stirling* v. *Vaughan*, 11 East, 629, his Lordship observed : " The indefeasibility of the property therefore is not the criterion of an insurable interest." If, in the case of a consignee, the goods should arrive safely, he would be entitled to commissions upon the sale. So, in the case at bar, if the goods had arrived, the

French
v.
Hope
Ins. Co.

plaintiff would have realized a profit. The cases seem to us to be perfectly analogous. In each the party claiming profits or commissions has either to run the risk and bear the loss himself, or to get insurance against marine risk. In each case he has a real interest to protect.

The plaintiff paid a valuable consideration for the profits insured by him, and the transaction is not impeached on the ground of fraud. Now we know no good reason why an owner of goods at sea may not sell the profits expected upon the termination of the voyage, as well as the goods themselves, or the principal or capital employed. Why may not the owner of the ship sell the ship to one man, and the freight to another? If, in the former case, there were an insurance on goods, and an abandonment or payment of a total loss, the profits would incidentally follow the principal subject, and would belong to the insurer of the goods. And so of insurance upon the ship, and payment of a total loss, the underwriters would be entitled to the freight. But that consideration does not affect the present question, viz. whether profits may be insured by one who has not the absolute property in the goods, by a valued policy honestly made. We think such contract is valid.

There was a very small salvage in this case, and the counsel for the defendants contended, that if there should be judgment for the plaintiff, it should be only for a partial loss. But upon examining the evidence it does not appear that any part of what was saved, was delivered or paid to the plaintiff. It was received by Rix, who will hold the same for the account of the underwriters upon the goods. In respect to the plaintiff the loss is total; and the judgment must be entered for him accordingly.